Phillip Ray ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 60098.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1983.

Percy Foreman, Mike DeGeurin, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Calvin A. Hartmann and Doug Shaver, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This appeal is taken from a conviction for murder. The jury found appellant guilty and the trial court assessed punishment at thirty five years imprisonment.

In its pertinent portions the indictment reads as follows:

"Phillip Ray Allen, hereafter styled the defendant, heretofore on or about July 19, 1974 did then and there unlawfully intend to cause serious bodily injury to Michael Ray Williamson and did then and there commit an act clearly dangerous to human life, to-wit, by striking him with his hands and fists and some means, instruments and weapons unknown to the Grand Jury, and this act caused the death of said Michael Ray Williamson."

In his brief appellant raises three grounds of error. By his first ground of error appellant claims that the indictment is fundamentally erroneous. The second and third grounds address the issue of sufficiency of the evidence both to sustain the conviction and to prove the allegation in the indictment that appellant used "some means, instruments and weapons unknown to the Grand Jury."

■ The contention is that the indictment is fatally defective in that it fails to allege that committing an act clearly dangerous to human life was done with the specific intent to cause serious bodily injury. The recent opinions of the Court in *Lugo-Lugo v. State,* 650 S.W.2d 72 (Tex. Cr.App.1983) are adverse to the contention and dispositive of the first ground of error. It is, accordingly, overruled.

Contesting sufficiency in this circumstantial evidence case, the second ground of error asserts that not excluded is an outstanding hypothesis that the mother of the deceased child caused his death. We need not examine all testimony and exhibits in order to rule on this ground of error.[1]

As to general sufficiency, suffice to say after the unconscious child was received at a hospital for children he was examined and treated by several medical specialists who expressed opinions before the jury that the deceased was a battered child, his injuries were not caused accidentally but traumatically inflicted and cause of death (some twenty one months thereafter) was massive softening of the brain brought about by damage to the head, the most recent hematoma being inflicted within twenty four hours prior to examination and sufficient to cause death. In short, intending to cause serious bodily injuries to the child, someone committed an act clearly dangerous to human life in striking him with hands and fists and some means, instruments and weapons unknown to the grand jury.

Appellant, a former police officer, was the stepfather of the three year old boy,

---

1. We are also constrained to point out that the instant cause comes directly to us on appeal. Thus it does not implicate "the role of discretionary review assigned to this Court by recent constitutional amendments and concomitant implementing legislation *vis a vis* the fourteen courts of appeals," *Wilson v. State* (Tex.Cr. App., No. 072–82, delivered March 23, 1983) (Dissenting Opinion). For a more spirited exposition of the matter, see, e.g., *Taylor v. State,* (Tex.App.—Corpus Christi, No. 13–81–258–CR, delivered April 28, 1983) (Concurring Opinion).

Michael. He had married the mother February 23, 1974, and there was testimony that from that day he felt the child interferred with his marriage by being a reminder that his wife had lived with another man.

During the week of July 15, 1974, appellant was on vacation and, while his wife was at work, had custody of Michael. At home, she noticed numerous bruises on the back and neck of the boy, and on the day in question, July 19, 1974, appellant called her at work to report that Michael had fallen in the tub and was unconscious.

In a voluntary statement appellant said the child had fallen from a chair July 15 and had run into a doorknob July 16 and fallen in the bathtub once during the week. With respect to July 19, in his statement appellant explained the bathroom incident, viz:

> "[A]t about 5:00 p.m. to 5:30 p.m., I was drawing bath water for Mike and he was in the bathtub with me and he was standing by the toilet and I told him he was going to take a bath and to take his socks and shoes off and he had one hand on the toilet and was standing and taking off his shoe when I left the room. I'd gone to get either his clothes or mine and I heard a thud and I hurried to the bathroom and Mike was in the tub and he still had his underwear on and he was all wet all over and I picked him up and he held his head for a second and then he went limp...."

On the way to the hospital appellant told his wife that he wished he had not put knots on Mike, and asked her to say that she, herself, had bruised the back of the child. She did so, but indicated she said that out of fear of appellant. She testified that when she had tried to stop appellant from spanking Mike several weeks earlier, appellant threw her against a wall, causing a bloody nose.

The mother denied disciplining Mike during the week appellant was on vacation or striking him with anything. However, appellant points out that she failed to testify that she did not use other means to produce the head injury and, therefore, there remains a reasonable hypothesis other than his own guilt. We disagree.

It is axiomatic that each circumstantial evidence case must necessarily be tested by its own facts to determine sufficiency of evidence to support a finding of guilt and judgment of conviction. Regardless of the standard of review this Court ultimately determines is to be applied to a circumstantial evidence case,[2] the axiom will retain its verity.

The general rule for reviewing sufficiency of evidence has long been that it must be viewed by this Court in the light most favorable to the verdict. *Combs v. State,* 643 S.W.2d 709, 716 (Tex.Cr.App.1982); *Sewell v. State,* 578 S.W.2d 131, 135 (Tex.Cr.App. 1979). However, as the Court noted in *Combs v. State,* supra:

> "Our Court also has occasion to pass on contentions that evidence is insufficient to support a conviction under the due process clause of the Fourteenth Amendment to the United States Constitution. The standard for such review was set out by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Clearly, the federal constitution is also a question of *law*[3] and does not involve any weighing of the evidence:
>
> > ' * * * But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt..." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements

---

2. Pending on motion for rehearing are several causes presenting the problem: *Denby v. State,* No. 62,561; *Freeman v. State,* 63,863; *Carlsen v. State,* No. 63,987 and *Wilson v. State,* No. 072–82.

3. Emphasis by the *Combs* Court. (All other emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

of the crime beyond a reasonable doubt. * * * ' [4]

Thus sufficiency of the evidence to sustain criminal convictions as determined by this Court is a question of law under both state and federal standards." [5]

It had been noted in *Griffin v. State,* 614 S.W.2d 155 (Tex.Cr.App.1981) that the due process requirements of *Jackson v. Virginia* are "binding on the states and constitute a minimum standard for our sustaining a conviction," *id.,* at 159, pointing out that "a different treatment of circumstantial evidence ... extends to appellate review as well," in this State, and citing *Sewell v. State,* supra. We adhered to that proposition in *Girard v. State,* supra, saying, "In circumstantial evidence cases, this [*Jackson v. Virginia*] test is translated into the requirement that the evidence exclude every reasonable hypothesis other than guilt," *id.,* at 163.

■ Appellant's suggestion that his wife, mother of deceased, inflicted the fatal injuries on Mike, is not a "reasonable hypothesis other than guilt." We may not alter evidence to fit hypothesis; rather a reviewing court must accept inculpatory circumstances and, upon that basis, then inquire "if there is a reasonable hypothesis other than guilt which also accounts for such circumstances," *Girard v. State,* supra, 631 S.W.2d at 164. Thus, accepting, as we must, that Mike's mother was at work when appellant called to report that Mike had fallen in the bathtub and was unconscious, that his own statement acknowledges injuries occurring in his presence and that going to the hospital appellant expressed regret for putting "knots" on Mike and asked his wife to take the blame for them, along with other circumstances that the hypothesis suggested by appellant does not account for, we find it is not a reasonable one.

■ Furthermore, considering *all the evidence* in the light most favorable to the prosecution, *Jackson v. Virginia,* supra, 443 U.S. at 319, 99 S.Ct. at 2789, we are satisfied that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *id.,* 443 U.S. at 319, 99 S.Ct. at 2789.

If need be, we also say that viewing the evidence in the light most favorable to the verdict, it is sufficient as a matter of law to support the judgment of the trial court.

Accordingly, we overrule ground of error two.

■ Since the assistant foreman of the grand jury which returned the indictment in this cause testified that diligent efforts still failed to produce reliable data for the grand jury to determine the precise means and manner of causing death, and all the expert medical testimony was similarly inconclusive on that score, appellant's contention that the evidence is insufficient to support allegations in the indictment that they were unknown to the grand jury is without merit. *Cunningham v. State,* 484 S.W.2d 906, 911 (Tex.Cr.App.1972). The third ground of error is overruled.

The judgment is affirmed.

ODOM, TOM G. DAVIS, McCORMICK and CAMPBELL, JJ., concur in result.

---

4. Emphasis by the Supreme Court.

5. The writer concurred in the result reached in this respect in *Combs v. State* mainly with the notion that the constitutional test enunciated in *Jackson v. Virginia* has supplanted the "general rule" alluded to by the Court in *Combs* and *Sewell,* supra. See, e.g., *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Cr.App.1981); *Foster v. State,* 635 S.W.2d 710, 718 (Tex.Cr.App.1982) (Opinion on Motion for Rehearing); *Girard v. State,* 631 S.W.2d 162, 163 (Tex.Cr.App.1982); *Wilson v. State,* supra, see note 2, *ante* (Dissenting Opinion, n. 2).