Steven White BATTLE, Appellant,

v.

STATE of Texas, Appellee.

No. C14–83–033–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 1984.

Discretionary Review Refused
Oct. 31, 1984.

Douglas O'Brien, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

OPINION

DRAUGHN, Justice.

Appellant, Steven White Battle, appeals a judgment of conviction for the offense of murder. The jury found appellant guilty and punishment was assessed by the court at thirty-five years' imprisonment. In his sole ground of error appellant challenges the sufficiency of the circumstantial evidence to support the conviction. We affirm the judgment.

■ In reviewing the sufficiency of circumstantial evidence we must determine whether the evidence excludes every reasonable hypothesis other than the guilt of the defendant. *Pickering v. State*, 596 S.W.2d 124, 128 (Tex.Crim.App.1980). We now review the relevant facts toward that end.

The record at trial shows that on May 21, 1982, appellant, his two sisters, his brother, Connie Johnson, Allison Newsome and her one-and-a-half year old daughter, Latoya Newsome (the deceased), were all living together in a small house in Houston, Harris County, Texas. On this particular morning, appellant, Connie Johnson, Allison Newsome and her daughter, Latoya, woke up around 11:00 a.m. Allison and Connie dressed to go to a store in the neighborhood. Allison also dressed her daughter Latoya to accompany them. Her daughter had apparently not been feeling well for the past few days, and had an increased temperature. The child had also gone to bed late the night before, around 10:30 or 11:00 p.m. However, when Allison and Connie were ready to leave the house, the child, standing up, started crying and her mother reached down to pick her up for the trip to the store, but appellant told her to leave the little girl with him. Accordingly, she placed her child in the center of the bed and left with Connie for the store.

When Allison and Connie returned five to ten minutes later, the deceased was no longer crying or making any noises, and they assumed she was asleep. Allison gave appellant the soap they purchased for him at the store, and he proceeded to take

a bath. The two women then watched television for about an hour. During this time they neither saw nor heard anyone enter Latoya's room, and observed nothing unusual.

Allison then went into the bedroom to check on her daughter. She found her daughter was no longer in the center of the bed where she had left her, but was lying back by the wall. She noticed nothing unusual about the way the child looked. She could not, however, awaken her. She tried shaking the child, but it did not respond. She noticed that Latoya was having difficulty breathing. She then tried unsuccessfully to revive her by mouth-to-mouth resuscitation.

Appellant's sister called a neighbor and an ambulance. Allison also asked appellant to help, but he refused to interrupt his bath. The ambulance arrived shortly thereafter and rushed the child to Ben Taub Hospital. She arrived at the hospital's "shock" room at 2:30 p.m., where procedures were immediately commenced to save her life. Dr. Jesus Avelo, a pediatric resident from Baylor College of Medicine, saw her about 4:00 p.m. Subsequent surgical procedures were performed, but to no avail, and two days later she was pronounced dead without having regained consciousness.

Dr. Avelo testified that at the time he first saw her the deceased was in a deep comatose state, almost in cardiac respiratory arrest, and had minor frontal bruises and mild occipital soft tissue swelling. He determined that the deceased had a subdural hematoma (blood clot on the brain). He found contusions on the back which he described as recent and in the shape of a hand print. He also found contusions in the abdominal area which had caused hemorrhaging around the pancreas. Dr. Avelo testified that a subdural hematoma could be caused by an accidental fall, but is also consistent with child abuse.

Dr. Avrelio Espinola of the Harris County Medical Examiner's office, who had performed the autopsy, testified and expressed the opinion that the deceased's injuries were not caused accidentally, but were traumatically inflicted. The cause of death was a fracture of the skull with subdural hematoma and massive hemmorhaging from the abdominal cavity around the pancreas, complicated by pneumonia. Dr. Espinola testified that the injury to the abdomen, a massive retroperitoneal hemorrhage, had occurred only a few hours before admission to Ben Taub because there was no clotting of the blood, which meant the bleeding was continuous. He stated that this injury alone was sufficient to cause the child's death. Dr. Espinola also testified that after such a skull injury a child could be acting normally for two hours.

Albert R. Ephrain, a Houston Police Officer assigned to the juvenile division, testified that he thought the bruises on Latoya's back resembled a handprint. He, however, did not put this description into his report. He testified, nevertheless, that the injuries were common to child abuse cases. Appellant presented no testimony in his behalf.

■ We are satisfied that the jury was justified in finding the appellant guilty beyond a reasonable doubt under the circumstances of this case. Circumstantial evidence will be sufficient to support a conviction on appeal only if the facts proved support a reasonable inference that the defendant committed the crime, and exclude to a moral certainty any inference consistent with his innocence. *Galvan v. State*, 598 S.W.2d 624 (Tex.Crim.App.1979). Appellant asserted the theories that either the mother caused the child's death or it was accidental. As to the former, there is no credible evidence that the mother was ever alone with the child during the time frame when the injuries allegedly occurred. As to the latter, expert testimony reflected that all of the death producing injuries could not have been accidentally inflicted.

■ Particularly relevant is the medical evidence as to the massive nature of the subdural hematoma and the massive abdominal canal hemorrhaging around the

pancreas. After such a skull injury, the testimony was that the child could be acting normally for only two hours. With regard to the abdominal hemorrhaging, which was also fatal, Dr. Espinola testified that it could have occurred only a few hours before admission to the hospital which was at 2:30 p.m. All of this evidence places the occurrence of the fatal injuries within the time frame when only the appellant was alone with the victim. While a strong suspicion or mere probability of guilt is not enough, every fact need not point to the guilt of appellant; rather, the cumulative effect of the incriminating facts is sufficient. *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App.1983).

■ There is no evidence of anyone other than the appellant being alone with the victim between the time her mother last saw her conscious shortly after 11:00 a.m. when she was acting normally, standing and crying, and the time she returned from the store and found her quiet, apparently asleep; but as it turns out, unconscious and in a comatose state. She was, in fact, never seen again in a conscious state after she was left alone with appellant. There is no evidence that anyone else was alone with the child other than appellant during the few critical hours before her hospital admission which, according to Dr. Espinola, was when the death producing trauma occurred. After considering all the evidence in the light most favorable to the verdict, we find it is sufficient to support the jury's verdict and the judgment of the trial court.

The judgment is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the court, I would like to record my respectful dissent. Appellant, Steven White Battle, appeals a judgment of conviction for the offense of murder. The jury found appellant guilty on a not guilty plea, and the trial court assessed punishment at thirty-five years confinement in the Texas Department of Corrections.

In appellant's sole ground of error, he claims that the circumstantial evidence in this case is insufficient to support his conviction for the offense of murder. I would agree.

The record at trial shows that on May 21, 1982, appellant, his two sisters, his brother, Connie Johnson, Allison Newsome and her one and a half year old daughter, Latoya Newsome (the deceased), were all living together in a small house in Houston, Harris County, Texas. Allison, Connie, appellant and the deceased woke up around 11:00 a.m. Allison and Connie dressed to go to a store in the neighborhood. The deceased had not been feeling well for the past few days, and had a temperature. When Allison and Connie were ready to leave the house the deceased was crying, so Allison put her back to bed and left her with appellant.

When Connie and Allison returned five to ten minutes later, the deceased was no longer crying, and they assumed she was asleep. Allison gave appellant the soap they got at the store, and he went to take a bath. Allison and Connie watched television for about an hour. During this time they neither saw nor heard anyone enter Latoya's room, and observed nothing unusual.

Allison then went into the bedroom to check on the deceased. Latoya was in a different place on the bed than where Allison left her, but there was nothing unusual about the way she looked. Allison, however, could not awaken her. She tried shaking the deceased to no avail. She noticed Latoya was having difficulty breathing. Allison attempted mouth-to-mouth resuscitation.

Appellant's sister called a neighbor and an ambulance. Allison asked appellant to help, but he refused to get out of the bath tub. The ambulance took Latoya to Ben Taub Hospital, where Dr. Jesus Avelo, a pediatric resident from Baylor College of Medicine, saw her about 4:00 p.m.

Dr. Avelo testified that at that time the deceased was almost in cardiac respiratory arrest, and had minor frontal bruises and mild occipital soft tissue swelling. He de-

termined that the deceased had a subdural hematoma (blood clot to the brain). He found contusions on the back which he described as recent and in the shape of a hand print. He also found contusions in the abdomen area which had caused hemorrhaging around the pancreas. Dr. Avelo testified that a subdural hematoma could be caused by an accidental fall, but is also consistent with child abuse.

The autopsy on the deceased was performed on May 24, 1982 by Dr. Aurelio Espinola, the deputy chief medical examiner for Harris County, Texas. The autopsy report listed as cause of death: a fractured skull with subdural hematoma and massive retroperitoneal hemorrhage complicated by pneumonia. The death producing injuries occurred somewhere between three to seven days prior to the autopsy (May 17 to May 21, 1982). A more exact date of the subdural hematoma could not be determined because the blood in the brain was drained during surgery. The date of a head injury and the force of the blow are determined from the amount of blood present. Dr. Espinola could not determine a more exact date of the other injuries. At the time of the autopsy, the contusions were faint, and the one on Latoya's back did not resemble a hand print. Dr. Espinola also testified that after a skull injury a child will become sleepy but could act normal for a few hours. A fever may accompany such an injury.

Albert R. Ephraim, a Houston Police Officer assigned to the juvenile division, testified that he thought the bruises on Latoya's back resembled a handprint. He, however, did not put this description into his report. He testified, nevertheless, that the injuries were common to child abuse cases.

Appellant presented no testimony in his behalf.

Circumstantial evidence will be sufficient to support a conviction on appeal only if the facts proved support a reasonable inference that the defendant committed the crime and exclude to a moral certainty any inference consistent with his innocence. *Galvan v. State*, 598 S.W.2d 624 (Tex.Crim.

App.1979). "A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant." *Pickering v. State*, 596 S.W.2d 124, 128 (Tex.Crim.App.1980). In *Pickering*, the evidence essentially ruled out accidental injury. The State presented a statement of the defendant admitting to bruising and injuring the child; however, the Court held this evidence insufficient to show that the defendant caused the more serious internal injuries. The Court said:

> The evidence as a whole raises a suspicion of appellant's guilt. The law deems such level of proof to be insufficient to support a conviction upon circumstantial evidence. Despite the heinous facts in the record before us we cannot uphold a conviction upon less proof than the law requires. We hold the evidence to be insufficient to support appellant's conviction.

*Pickering*, 596 S.W.2d at 129.

The State, in its brief, cites *Allen v. State*, 651 S.W.2d 267 (Tex.Crim.App.1983), as controlling in the present case. In *Allen*, the appellant was convicted of murdering his three year old step-son. The child's death was the result of a beating that took place while the mother was at work and Allen was alone with the child. Allen suggested that it was a reasonable hypothesis that the child's mother inflicted the fatal injuries. The Court of Criminal Appeals rejected this contention. Because the evidence showed the victim's mother was at work when he was injured, she could not have been the guilty party. The court was satisfied that a rational trier of fact could have found Allen guilty beyond a reasonable doubt.

The evidence in our case is weaker than in either *Pickering* or *Allen*. In *Pickering*, the appellant admitted to hitting the child. Furthermore, the experts testified that the internal injuries (a lacerated colon) were not likely to have been caused by an accident. The Court said that the appellant's confession to hitting the child was

not sufficient to show that he had caused the more serious injuries.

In our case, the evidence is weaker for several reasons. First, none of the experts could rule out an accidental death. Second, the presence of other injuries consistent with child abuse does not rule out accidental death because the experts who testified could not tell when, in relation to the fatal injuries (subdural hematoma and hemorrhaging around the pancreas), the other injuries (contusions) occurred. These injuries could have occurred at a different time from the injuries which caused death. In fact, these injuries could be consistent with attempts to revive the child either by paramedics or others in the home. Finally, in our case the appellant was alone with the victim for only five to ten minutes. Neither expert could say when the fatal injury occurred. They could only give a range of May 17th to May 21st. In *Allen* the injury occurred while the appellant was alone with the child. In our case, numerous people had contact with the child during the time the fatal injuries might have occurred. In a case in which we do not know when an injury occurred we cannot assume that it took place during a brief ten minute span out of a possible four days. The evidence at trial was as a matter of law insufficient to support appellant's murder conviction.

Accordingly, I would sustain appellant's ground of error and reverse the judgment of the trial court. Double jeopardy law bars reprosecution of a criminal case in which the evidence at trial was insufficient as a matter of law. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).