**Herbert PATTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00581–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 7, 1985.

Paul A. Lechowick, San Antonio, for appellant.

Sam D. Millsap, Jr., Ed Garcia, Sid Harle, Charles Estee, Crim. Dist. Attys., San Antonio, for appellee.

## OPINION

Before CANTU, TIJERINA and DIAL, JJ.

DIAL, Justice.

This is an appeal from a conviction for the offense of murder following a jury trial. Punishment was assessed by the court at fifteen years' confinement.

The first ground of error is that the evidence is insufficient to sustain the conviction as there was a material variance between the indictment and the proof as to the manner of death.

The pertinent portion of the indictment alleges:

> [O]n or about the 15TH day of OCTOBER, A.D., 1982, HERBERT PATTON did then and there intentionally and knowingly cause the death of an individual, VANESSA STERNER, hereinafter called complainant by CAUSING THE SAID COMPLAINANT TO BE ASPHYXIATED, AND SUFFOCATED BY PLACING AN OBJECT OR OBJECTS UNKNOWN TO THE GRAND JURORS OVER THE NOSE AND MOUTH OF SAID COMPLAINANT; ...

Appellant's contention is that under this indictment the State must prove that the grand jury did not know the precise means or instrument used in the homicide and *that the grand jury made diligent efforts to so ascertain.* This latter conclusion is apparently reached from language in *McIver v. State,* 555 S.W.2d 755, 756 (Tex.Crim. App.1977) and *Allen v. State,* 651 S.W.2d 267, 270 (Tex.Crim.App.1983). In *McIver,*

the court said: "It is incumbent upon the State to prove that the grand jury, after efforts to do so, was unable to find out the kind and character of weapon or instrument used." The court noted that no such proof was offered and the conviction was reversed. In *Allen,* an assistant grand jury foreman testified that diligent efforts failed to produce reliable data as to the precise means of death. The court of criminal appeals affirmed the judgment in that cause. The crux of the matter in these two cases was evidence of the jury's inability to ascertain the particular instrument used, not the degree of diligence exercised in the jury's inquiry.

There is a line of related cases involving the offense of receiving stolen property where the indictments allege the property was received "from a person to the Grand Jurors unknown." If the record shows that the person from whom the property was received was in fact unknown, the convictions are affirmed. But if the evidence at trial establishes that witnesses before the grand jury actually knew the person's name but were not asked, the convictions have been reversed. *Payne v. State,* 487 S.W.2d 71 (Tex.Crim.App.1972); *Cunningham v. State,* 484 S.W.2d 906, 911 (Tex.Crim.App.1972) and cases cited therein.

Here only the appellant was present at the time of the homicide, and only he would know the actual means or instrument used. The medical examiner testified that she did not know the instrument used. Obviously the grand jury would have relied on the medical examiner's reports when they voted on the indictment. Nothing in the record indicates the grand jury could have determined this from any other source.

The State offered the testimony of the foreman of the grand jury. He was asked if the grand jury was able to determine the object or objects used in suffocation or asphyxiation of the deceased. His answer was that the grand jury had not been able to determine that. This is the recommended procedure under such an in-

dictment. *Gragg v. State,* 152 Tex.Crim.R. 386, 214 S.W.2d 292, 293 (1948). The indictment having alleged that the grand jury did not know what object or objects were placed over the nose and mouth of the deceased, the State was required to prove that allegation. It did so appropriately through the testimony of the grand jury foreman. Nothing further was required on that issue. The amount of diligence exercised by the grand jury was not a matter that the State had affirmatively pled. Therefore, there existed no requirement that the State prove the diligence. The necessity for diligence derives from the oath of the grand jurors,[1] and only becomes an issue if the conduct of the grand jury is attacked. That is not the case here. Ground of error number one is overruled.

Appellant's second ground of error complains of the trial court failing to instruct the jury on the law of circumstantial evidence. The requirement of a circumstantial evidence charge in a criminal case in Texas has been abolished. *Hankins v. State,* 646 S.W.2d 191, 199–200 (Tex.Crim. App.1983); *Gantz v. State,* 661 S.W.2d 213, 222 (Tex.App.—San Antonio 1983, pet. ref'd). The appellant recognizes the decision of the court of criminal appeals in *Hankins,* announced March 1, 1983. The appellant's trial occurred in October 1983 for an offense alleged to have occurred October 15, 1982. The appellant therefore contends that his denial of a charge on circumstantial evidence was a denial of his constitutional rights to be free from ex post facto laws. Article 1, section 9, clause 3, United States Constitution and article 1, section 16, Texas Constitution.

■ Ex post facto considerations affect only substantive, not procedural matters. Judicial action may not retroactively subject a person's action to criminal prosecution, but they may change the procedures whereby it is determined whether a person has committed a criminal act. *Dob-*

*bert v. Florida,* 432 U.S. 282, 293–94, 97 S.Ct. 2290, 2298–99, 53 L.Ed.2d 344 (1977); *Chalin v. State,* 645 S.W.2d 265, 271 (Tex. Crim.App.1982). The second ground of error is overruled.

■ Appellant's third ground of error is that the State failed to adduce sufficient evidence to prove the death was caused by the criminal act of another. Specifically, appellant complains that the medical examiner never testified that something was placed over the deceased's nose and mouth by *another person.*

The medical examiner testified that the cause of death was asphyxia (lack of oxygen) as the result of suffocation. The doctor described fresh injuries to the bridge of the nose and the upper lip of the victim. The doctor was asked if the injuries to the face and the evaluation of the cause of death were consistent with an object being placed over the mouth and nose as a cause of suffocation. The doctor answered in the affirmative.

We find that the evidence is sufficient to support the verdict of the jury that the appellant was guilty of the offense of murder as charged in the indictment. The ground of error is overruled.

In his fourth ground of error, the appellant argues that the evidence was insufficient to show that he intentionally or knowingly caused the death of the victim.

The standard of review is, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

The victim was a thirteen month old girl. The appellant was not the natural father of the victim, but had married the victim's mother while she was pregnant with the child. After a period of time the appellant

---

1. Article 19.34 of the Texas Code of Criminal Procedure:
   Do you solemnly swear that you will diligently inquire into, and true presentment make, of

all such matters and things as shall be given you in charge ...

developed a harsh attitude toward the child. The appellant was observed twisting the baby's leg on occasion and slapping her in the face. The baby often had bruises. The mother testified that she had never mistreated the little girl. The appellant admitted that he had in the past placed his hand over the little girl's mouth and nose to keep her quiet. On the day of the homicide the mother had left the little girl in the appellant's care. When the mother next saw her daughter, the appellant said that the little girl was asleep and would not wake up. The testimony was that the victim had been dead for an hour to an hour and one-half at that time, and the appellant was the only person present when she died.

The above evidence plus other testimony in the record abundantly supports the finding of the jury of the appellant's guilt beyond a reasonable doubt. The ground of error is overruled.

The judgment of conviction is affirmed.