Luis A. FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00530–CR.

Court of Appeals of Texas,
San Antonio.

March 11, 1987.

Larry Zinn, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Sam Millsap, Jr., Former Dist. Atty., Sam Ponder, Raymond J. Hardy, Jr., San Antonio, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

A jury found appellant guilty of the offense of aggravated robbery with a deadly weapon, and punishment was assessed at imprisonment for thirty years.

■ Appellant's first point of error is that fundamental error occurred when the trial court submitted jury instructions on the law of parole in violation of TEX. CONST. art. II, § 1. Appellant contends the separation of powers doctrine is breached by the application of the statute regarding jury instructions. TEX.CODE CRIM. PROC.ANN. art 37.07, § 4(a) (Vernon Supp.1987) (hereafter art. 37.07).

This identical point was presented to this Court in *Gaines v. State,* and resolved adversely to Gaines by unanimous opinion on January 14, 1987. *Gaines v. State,* 723 S.W.2d 302 (Tex.App.—San Antonio 1987, order for rev. filed). We adopt the reasoning and authorities therein. Point of error number one is overruled.

Appellant's last point of error complains of the trial judge's instructions to the jury on the law of parole in accordance with art. 37.07, because the instructions violate the ex post facto clause of the United States and Texas Constitutions. U.S. CONST. art. I, § 9(3) and TEX. CONST. art. I, § 16.

Appellant contends that the alleged offense occurred on July 18, 1985, and the parole statute became effective on September 1, 1985, which was prior to his trial on September 18, 1985. As such, appellant insists the instruction results in inflicting a greater punishment than the law authorized at the time the offense was committed, and therefore the statute violates the ex post facto prohibition. We disagree.

The classic definition of an ex post facto law is one that aggravates the crime or makes it greater than when it was committed or similarly changes and inflicts greater punishment than that which was proscribed when the crime was committed. *Betancourt v. State,* 590 S.W.2d 487, 488

(Tex.Crim.App.1979), *cert. denied*, 446 U.S. 942, 100 S.Ct. 2166, 64 L.Ed.2d 796 (1980).

█ Legislation and judicial action may not retroactively subject a person's actions to criminal prosecution. *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). Such actions may not retroactively subject criminal actions to a potentially more onerous punishment. *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). However, such actions may change the procedures whereby it is determined whether a person has committed a criminal act, or what punishment is appropriate. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

Appellant's reliance on *Sneed v. State*, 670 S.W.2d 262 (Tex.Crim.App.1984) and *Ex parte Alegria*, 464 S.W.2d 868 (Tex. Crim.App.1971) is misplaced.

*Sneed* involves alleged jury misconduct resulting from improper jury discussions in deliberations about parole laws, which is not alleged in the case before us.

*Alegria* involves a statute relating to parole eligibility in effect at the time the offense was committed and at the time of trial which would authorize eligibility for parole upon a life sentence following accumulation of credit for 15 years, where the current statute under attack would increase such period to 20 years. The case at bar does not involve the increase of the requirements for authorizing parole.

█ The legislative history of article 37.07 clearly establishes the intent of the legislature was to eliminate jury misconduct by correcting misconceptions in common knowledge about parole law, and insuring through proper instruction, that these factors not be considered by the jury. Thus, the legislature, empowered to determine the procedure to be followed, was attempting to establish some uniformity in the presentation of parole law information to the juries. *Joslin v. State*, 722 S.W.2d 725 (Tex.App.—Dallas, 1986). The statute is aimed at preventing jury misconduct related to discussions of parole, while assuring a jury that parole laws exist. The statutory instructions specifically forbid the jury to consider the application of parole laws, and cautions the jury of the impossibility to predict accurately when, if ever, parole will take place. The statute nowhere permits juries to apply parole law in determining punishment. The legislature is empowered to regulate and enact parole law. *Lyle v. State*, 80 Tex.Crim. 606, 193 S.W. 680 (1917). TEX. CONST. art. IV, § 11. We fail to see that the statute inflicts a greater punishment than that which was proscribed when the crime was committed.

In *Ritchey v. State*, 407 S.W.2d 506 (Tex. Crim.App.1966), a statute at the time of the trial permitted the former wife to testify against appellant in the case of an offense committed against her child under the age of sixteen years. The statute became effective after the date of the commission of the offense. The court held that the statute was valid and did not violate the ex post facto clauses.

In *Patton v. State*, 696 S.W.2d 249 (Tex. App.—San Antonio 1985, no pet.), the trial court adopted the reasoning in *Hankins v. State*, 646 S.W.2d 191 (Tex.Crim.App.1983). The court in *Patton* refused to instruct the jury on the law of circumstantial evidence. The offense occurred October 15, 1982, the *Hankins* decision abolishing the circumstantial evidence charge in criminal cases was announced on March 1, 1983, and the trial took place in October 1983. This Court held that this was a procedural change which did not violate the ex post facto clause of the Constitutions.

We find the provisions of TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(a) to be a procedural change that does not inflict greater punishment but which merely permits a parole instruction as part of the trial procedure and does not violate the ex post facto provisions of the United States and Texas Constitutions. Appellant's last point of error is overruled.

The judgment is affirmed.