**Billy C. GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 86 022 CR.**

Court of Appeals of Texas,
Beaumont.

Sept. 2, 1987.

Tom Brown, Pace & Brown, Livingston, for appellant.

David Walker, Asst. Dist. Atty., Conroe, Don Keith, Dist. Atty., Livingston, for appellee.

OPINION

BURGESS, Justice.

This is a circumstantial evidence case. Appellant was indicted for the offense of murder and injury to a child. The jury

found him not guilty of murder but guilty of intentionally or knowingly causing serious bodily injury to a child by striking the child about the head and face with blunt objects or blunt instruments. The jury assessed punishment at 40 years confinement in the Texas Department of Corrections. Appellant urges insufficiency of the evidence.

Shemika Franklin, a 2½-month-old infant, arrived by ambulance at the emergency room of the Livingston Memorial Hospital at approximately 1:40 a.m., January 11, 1984. All efforts at resuscitation failed and she was pronounced dead at 2:00 a.m. The emergency room physician made a diagnosis of "sudden infant death" [sic]. A justice of the peace was summoned and the judge made a preliminary ruling of crib death. The child's body was then delivered to a funeral home. As the funeral director was preparing the body, he noticed dried blood in the baby's ear and in her diaper. He then called the same justice of the peace who in turn notified the chief deputy sheriff. After viewing the body a second time, the judge ordered an autopsy performed.

The pathologist testified that, in his opinion, the child's death was due to intercerebral hemorrhage with edema, secondary to blunt trauma to the scalp and skull. In lay terms, because of multiple blows to the head, the brain had come to the point where it had bled and had swollen, and this, in turn, caused the death of the child. He further testified that the blows occurred from between two to twenty-four hours prior to death. The doctor found eight to ten areas of trauma, any one of which or all of which could have caused the death.

Appellant does not contest the sufficiency of the evidence concerning the fact that the child suffered serious bodily injury nor that the injuries were criminally inflicted. He asserts there was no direct evidence that he caused the child's injuries and that the circumstantial evidence is insufficient to support the conviction.

The standard, of course, is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984). Further, circumstantial evidence should not be tested by a different standard than that for direct evidence. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983).

Appellant resided in a small house in Polk County, Texas owned by his mother, Dottie Mae Brown. It was shared by Appellant, the child's mother, Debra Franklin,[1] and two of Appellant's brothers. The day leading up to the child's death was apparently uneventful until some time in the late afternoon. Appellant's brother, Clint Green, arrived at the home shortly before 3:00 p.m. and was in the living room with his mother, a cousin and Debra Franklin. Clint Green heard the baby fall onto the floor from the bed, went into the bedroom, picked up the child and handed her to her mother. The mother presumably placed the child back on the bed. At approximately 4:00 p.m., the other brother, Donald Green, arrived at home. A short time afterwards, Appellant arrived home from work. Clint Green testified that Appellant acted like he had been drinking. Appellant went into the bedroom where the baby was. Clint Green went into Donald Green's bedroom which was adjacent to the bedroom where Appellant and the baby were. It was from this bedroom that Clint Green heard the baby whining, then heard a "tapping sound" and the baby stopped crying.

Donald Green also testified he went into the same adjacent bedroom but at a different time than Clint Green. Donald Green testified that the baby was crying and that he could hear something like Appellant hitting Shemika. He also heard Appellant say, "Shut up this noise." He testified he heard this "something" three times. Donald Green became angry and went into the living room. He testified that he asked Dottie Mae Brown why Appellant was spanking the baby and remarked to Dottie

---

1. Appellant and Debra Franklin had married by the time of trial and she would not testify.

Mae Brown that he [Appellant] must think the baby is five years old. Later, he confronted Debra Franklin and asked her why Appellant was spanking the baby and why she did not go into the bedroom and talk to Appellant. Donald Green then offered to go into the bedroom with Debra Franklin.

Appellant's statement was also introduced into evidence. While it is not inculpatory as to any element of the offense, the statement does show that Appellant had drunk three beers prior to arriving at the home and that he spanked the baby on the legs with a six-inch comb.

 Appellant argues that a conviction cannot be had if the circumstances do not exclude every other reasonable hypothesis except that of Appellant's guilt and that the evidence supports a reasonable inference that someone other than Appellant injured the child. We disagree. In a circumstantial evidence case, the state is not required to prove that the circumstances presented exclude every hypothesis that the criminal act may have been committed by another, it must exclude only every reasonable hypothesis raised by the evidence that would tend to exculpate the accused. *Brandley v. State*, 691 S.W.2d 699 (Tex. Crim.App.1985). Here, there is no reasonable hypothesis raised by the evidence. There is no evidence of any overt acts against the child by anyone other than Appellant. While there is evidence that other persons had access to the child during the day and early evening, this is not sufficient to create a reasonable hypothesis of criminal injury by those persons. *E.g. Allen v. State*, 651 S.W.2d 267 (Tex.Crim.App.1983); *Ruben v. State*, 645 S.W.2d 794 (Tex.Crim. App.1983). The point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.