CHARLES W. HAGGERTON, JR., V. STATE.

No. 24294. March 9, 1949.

Clem Calhoun, Amarillo, and Geo. W. Outlaw, Sweetwater, for appellant.

Ernest S. Goens, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the theft of property over the value of $50.00 and by the jury given a sentence of five years in the penitentiary.

The testimony of the state shows that Mr. Long was the owner of a Kaiser automobile of the value of $2390.00 on June 20, 1948. He had parked the same on a street in Amarillo and had the keys thereto in his pocket. On June 20, 1948, Mr. Oliver, who lived in Amarillo, was preparing to go to bed that night when he heard a terrific noise at the front of his home. An automobile had entered upon his front porch and a part thereof had pushed in the wall of the front room of the house. This was about 11:45 P. M. The car involved in the crash was that belonging to Mr. Long, and the wires had been manipulated so that no key was needed in order to start the engine.

Mr. Kenneth Kelly, who was also a resident of Amarillo, was seated in an automobile on a street near the one from which the automobile was taken. He saw two automobiles drive up and heard an engine being warmed up. He saw someone get out of the forward automobile, and saw it lurch and leap forward. He then saw the person who got out of such car go back and get into the following car. Mr. Kelley got the number of the following car which was "A E 9343." It was a Plymouth car. He then followed the Kaiser car. It ran upon Mr. Kelley's lawn and two other lawns, and then back across the street and through a couple of hedges. It finally ran up on Oliver's front porch and crashed into his house. The Plymouth car was following the Kaiser in its erratic flight.

The state proved that the Plymouth car belonged to Charles Hagerton, but no witness identified appellant as being in the car.

Appellant offered an alibi which, at about the time of this offense, placed him in possession of this Plymouth car but in another and different place from the scene of the theft.

The state was forced to rely upon the testimony of Earl Chism in order to place appellant in the Plymouth car at the time of the taking of Mr. Long's automobile. In the beginning of Chism's testimony, he testified that he had talked to appellant sometime after this offense but did not remember what appellant said relative thereto. However, it transpired that this witness had made a statement before the grand jury and after being shown the statement, he testified:

"I don't know whether I stated to the grand jury of this county, 'Charles told me that night that he drove the Plymouth away after Richard turned the Kaiser loose, I am sure that Charles told me that,' but that sure is my signature there, and I read the statement before I signed it. I did not want to come and testify in this case, and I was not present in court yesterday, but I was here in town, down on Lincoln Street, * * * I can not explain how I happened to say 'I am sure that Charles told me that.' As to whether I made that statement, I told you once I didn't know, and I don't know whether what is in that statement is the truth or not. The reason I can't explain it is not because I don't want to give testimony here this morning. I remember that I was sworn before I gave testimony before the grand jury, and I did tell the truth."

It is shown from the record that this witness was also charged with some automobile thefts.

There does not appear in the record any further testimony identifying appellant with this offense. The above testimony of Chism might lead one to believe that he gave testimony before the grand jury that connected appellant with this complained of offense, but there seems to be an utter lack thereof at this trial and before this jury. True it is, the state proved the use of Charles *Hagerton's* Plymouth car in and during the commission of such offense, and appellant's alibi, to a large extent, was predicated on Charles being present therein and doubtless contributed much to the jury's failure to give credence to this proof. However, it was the duty of the state to show some circumstance that would evidence appellant's presence at this taking or unloosening of the car. This it endeavored to do by the testimony of Chism and this it failed to do.

Under the proof herein present, we are of the opinion that

there are no facts proven in this record to show appellant's presence at such scene and none connecting him with this theft.

We therefore reverse and remand this judgment on the facts.