Bryan Russell RUTH, Appellant,

v.

The STATE of Texas, Appellee.

No. 63827.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 8, 1980.

David R. Sorrell, Jacksonville, for appellant.

Donald R. Ross, County Atty., and David P. Brown, Asst. County Atty., Henderson, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from an order revoking probation.

On March 21, 1979 the appellant pled guilty to the offense of misdemeanor theft. Punishment was assessed at confinement in county jail for sixty days and payment of a $200 fine. The imposition of sentence was suspended and the appellant was placed on probation.

On August 17, 1979 after hearing the State's Motion to Revoke Probation, the trial court determined that the appellant had violated the terms of his probation by committing the offense of theft. Appellant's probation was revoked and sentence was imposed.

The appellant asserts that the trial court abused its discretion in revoking his probation because the evidence presented at the hearing was insufficient to establish by a preponderance of the evidence that he had committed a second offense of theft.

At the probation revocation hearing, the State presented the testimony of four witnesses. Linnie Sanders testified that she had discovered that certain farm implements and other items were missing from her farm. She notified the law enforcement authorities and a few days later, she was taken by Deputy Sheriff Elvis and Constable Gray to a junkyard where she identified some of her missing property. Elvis and Gray also testified. They stated that the manager of the junkyard gave them a copy of a receipt which was given

918

for the purchase of the stolen items. The receipt was signed "Bryan Ruth." The cashier of the junkyard testified that she had made out the receipt. However, she was uncertain as to whether or not it was the appellant who brought in the items. She did testify that the appellant had been to the junkyard two or three times within the last several months prior to the receipt of Linnie Sanders' property. She testified that she had no reason to doubt that it was the appellant who signed the receipt but she also stated she did not know the appellant's name. The appellant and his mother testified and presented an alibi for the day the items were sold to the junkyard. The appellant testified he did not know anything about the taking of the property.

■ We conclude that the evidence presented at the hearing was insufficient to prove that the appellant had committed the theft. The only evidence presented linking the appellant with the stolen property was the receipt bearing appellant's name. Nothing was presented to indicate that this was appellant's signature. It was not compared to a known sample of his signature nor did anyone familiar with his signature testify that it was indeed his signature. The cashier's testimony indicates that it would have been impossible for her to know if the appellant or someone else was signing the receipt with "Bryan Ruth." He was not seen near the area from where the property was stolen. There was no evidence presented that the appellant exercised possession over the stolen property. While an accused may be convicted of theft without being seen or found in the possession of the stolen property, the inability of the State to prove possession is a factor which must be considered in a circumstantial evidence case. *Drager v. State*, 555 S.W.2d 742 (Tex.Cr. App.1977). In the case at bar the other evidence presented establishes only that a theft occurred. See *Haggerton v. State*, 218 S.W.2d 211 (Tex.Cr.App.1949). The trial court abused its discretion in revoking appellant's probation.

The judgment is reversed and the cause remanded.