Jeffery Dean WILLIAMS, Appellant,

v.

The STATE of Texas, State.

Nos. 2-81-289-CR to 2-81-291-CR.

Court of Appeals of Texas,
Fort Worth.

June 9, 1982.

Discretionary Review Refused
Sept. 22, 1982.

Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

OPINION

HOLMAN, Justice.

This is an appeal from an order revoking appellant's probation of his conviction of three separate burglary cases. V.A.C.C.P. art. 42.12.

We affirm.

Appellant was convicted of three separate burglary cases on July 24, 1981.

Punishment was assessed in each case at seven years. Imposition of sentence was suspended and probation granted.

The State subsequently moved to revoke probation, alleging that the appellant violated the terms and conditions of his probation by (1) intentionally and knowingly appropriating an automobile without the owner's consent, and (2) failing to pay the Adult Probation Officer of Tarrant County court costs of $127.00 at the rate of $10.00 per month; a probation fee of $15.00 per month; and restitution of $1,588.00 at the rate of $35.00 per month.

To each allegation, appellant pled "untrue".

At the revocation hearing October 6, 1981, the court found appellant had violated

the terms of his probation and signed an order revoking probation and assessing punishment at seven years on each conviction, to run concurrently.

Appellant complains that the court erred in sentencing him without sufficient evidence to determine whether he had committed additional violations of his probation.

The only question on appeal from an order revoking probation is whether the trial court abused its discretion in revoking the appellant's probation. *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App.1978).

We must view the evidence in a light most favorable to the trial court's findings. *Jones v. State*, 589 S.W.2d 419 (Tex.Cr.App. 1979).

Appellant challenges the sufficiency of the evidence to support the trial court's finding that appellant intentionally and knowingly appropriated an automobile without the owner's consent.

At the revocation hearing, the State's witness, Louise Jean Gray, testified that on the morning of September 15, 1981, she left her unlocked red MG automobile on a parking lot while she went to work.

Later the same day she learned her automobile had been taken from the lot.

State's witness Martha Page, a neighbor and acquaintance of appellant, testified that appellant came to her home the morning of September 15th and appeared "nervous and was breathing fast".

While he was there, a young man known as "Sput" or "Mutt" arrived, and Mrs. Page overheard him recommending that appellant should "give himself up".

She also heard "Sput" or "Mutt" talking to appellant about a "stolen" car.

Fort Worth Police Officer Gary Toepperwein testified that he investigated an MG automobile parked in the 5400 block of Donnelly Street.

While inspecting the MG he observed two black males walking towards him, and when he and a fellow officer moved to contact them, they disappeared into a wooded area.

Subsequently Officer Toepperwein saw appellant walking along a different street in the same general vicinity and finally confronted appellant in the front yard at his home.

Appellant was then taken by Sgt. Terry of the Fort Worth Police Department to the MG automobile, a block away.

Another State's witness, Gary Mack, testified that he saw the appellant on September 15, 1981, "holding a stereo, a radio, and a TV and stuff, standing in the back of a car."

Mack testified that he saw appellant pushing a "little red foreign car" down the street, and that it was the same car Officer Toepperwein subsequently inspected on Donnelly Street.

■ The trial judge is the sole judge of the credibility of witnesses and the weight to be given their testimony at the hearing to revoke probation. He may accept or reject any or all of the testimony. *Davila v. State*, 547 S.W.2d 606 (Tex.Cr.App.1977).

■ The evidence is that the appellant was seen in possession of the red MG automobile, without the owner's consent, on the morning it was taken from the parking lot.

Appellant relies upon *Ruth v. State*, 605 S.W.2d 917 (Tex.Cr.App.1980); *Battle v. State*, 571 S.W.2d 20 (Tex.Cr.App.1978); *Grant v. State*, 566 S.W.2d 954 (Tex.Cr.App. 1978); and *Crain v. State*, 529 S.W.2d 774 (Tex.Cr.App.1975) as authority for reversal due to insufficiency of evidence.

In the instant case, however, Mack's testimony is that he saw appellant in possession of the car on the morning in question. Mrs. Gray testified she did not give him permission to have the car then. The evidence distinguishes this case from *Ruth, supra.*

The Mack testimony showed appellant's possession of the car was recent to the offense and was a distinct, conscious and personal assertion of the property. While the unexplained possession was denied by appellant, the evidence distinguishes the case from *Grant, supra*, and *Crain, supra.*

We conclude that the incriminating circumstances exclude every reasonable hy-

pothesis except appellant's guilt, distinguishing this case from *Battle, supra.*

Finding that the proceedings were regular and the violation of a condition of probation was properly proven, the appellate court may not substitute the collective judgment of its members for the discretion appropriately exercised by the trial court. *Flournoy v. State,* 589 S.W.2d 705 (Tex.Cr. App.1979).

Further, even if Mrs. Page's testimony included hearsay, a judge in a hearing to revoke probation is deemed not have considered inadmissible evidence. *Howery v. State,* 528 S.W.2d 230 (Tex.Cr.App.1975).

We conclude that the preponderance of evidence is sufficient to show that appellant did intentionally and knowingly take and possess the automobile without the owner's consent.

We find no abuse of discretion by the trial court's revocation of appellant's probation.

We need not consider the other alleged violations of the conditions of probation. Proof of one violation is sufficient to support an order revoking probation. *Moses v. State,* 590 S.W.2d 469 (Tex.Cr.App. 1979).

Judgment is affirmed.