**Baltazar SALAZAR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–85–181–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 15, 1986.
Rehearing Denied June 30, 1986.

Dale Robertson, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Following a non-jury trial, appellant was convicted of "Theft-Use of Hot Checks" and sentenced to three years' imprisonment at the Texas Department of Corrections, which was probated for seven years and appellant was ordered to pay restitution of $5,700.00. TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1986).

Appellant's six grounds of error contest the sufficiency of the evidence in various areas, requiring a summary of the evidence in the case. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim. App.1984).

The evidence shows that in April of 1984, appellant telephoned Coburn Optical, which manufactures lenses and machinery for the optical industry, and ordered merchandise to be sent to him at Salazar Optical and Medical Company in Brownsville, Texas.

Mr. Julio Siebel, General Manager of Coburn Optical, identified appellant in the courtroom as the Baltazar Salazar who ordered merchandise from Coburn Optical. Mr. Siebel testified that merchandise would only be shipped to appellant C.O.D. or when payment was made in advance. Coburn Optical received a check in the amount of $5,700 for payment in advance of Order No. 4090. Mr. Siebel stated that several shipments were made to appellant in April of 1984. "In most of the shipments, the check was received before we shipped the merchandise. In one instance, there was a C.O.D. shipment made." Mr. Siebel asserted that if Coburn Optical had not received the check from appellant, they would not have shipped the order. After this check and several others were dishon-ored, Mr. Siebel telephoned appellant who agreed to send a cashier's check to cover all of them. When the cashier's check was not received, the matter was turned over to Coburn Optical's credit manager.

Mr. John Bannon, Credit Manager for Coburn, sent a demand letter, return receipt requested, which appellant signed for. Mr. Bannon also sent a telegram through Western Union, demanding payment on the checks. When no payment was made within the time specified in the letter, Coburn Optical turned the case over to the District Attorney's Office in Brownsville, Texas. Mr. Bannon testified that if appellant had not sent the check, or if he had known the check was not good, he would not have sent the merchandise to appellant.

Dan Alaniz, the custodian of the bank records for the Brownsville National Bank, testified that the dishonored check was drawn on that bank, at a time when the account of Salazar Optical & Medical Company did not have sufficient funds in the account to pay the check and all checks then outstanding. Mr. Alaniz identified appellant's signature on the check as the one on the checking account signature card.

Appellant's first ground of error alleges the trial court erred in denying appellant's motion for instructed verdict because the evidence was insufficient to show that appellant acquired and exercised control over the property as alleged, in that there is insufficient evidence that the merchandise was shipped by Coburn to the appellant and that the appellant received it. The indictment alleges that appellant "did then and there unlawfully acquire and otherwise exercise control over property...."

The evidence shows that appellant ordered merchandise from Coburn Optical and sent a check for advance payment for the order in question. State's Exhibit No. 1 is appellant's check in the amount of $5,700 sent to Coburn Optical, bearing the notation "4090" in the lower left corner of the check. At trial, Mr. Siebel identified the invoice for order number 4090 and stated that such invoices are prepared by Co-

burn Optical "to convey to the customer the quantities, unit prices and extended amount of the value of the shipment that we have made to him. The customer receives a copy with the merchandise or by mail sent simultaneously with the shipment, our credit department gets a copy for accounting purposes, and we retain a copy in our files." When asked, "Now, then, in State's Exhibit 4 [invoice for Order Number 4090] is there an itemized list of what merchandise was sent to him?" Mr. Siebel answered: "No, sir."

Both Mr. Siebel and Mr. Bannon stated that, but for appellant's check, Coburn would not have shipped out the merchandise to appellant. Mr. Bannon stated that appellant did not have his consent to have the merchandise listed on the invoice and that this merchandise has never been returned to Coburn.

While an accused may be convicted of theft without being seen or found in possession of the stolen property, the inability of the State to prove possession is a factor which must be considered in a circumstantial evidence case. *Ruth v. State*, 605 S.W.2d 917 (Tex.Crim.App.1980). A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984). Proof which amounts only to a strong suspicion or mere probability is insufficient. *Id.*

In reviewing the evidence in the light most favorable to the judgment, we conclude that there is evidence that the goods were shipped by Coburn Optical at the request of Mr. Salazar upon the receipt by Coburn of his check. There is, however, no evidence of delivery of the merchandise.

Section 31.03(a) of our Penal Code defines theft as the unlawful appropriation of property with intent to deprive the owner of property. Unlawful appropriation is that done without the owner's effective consent. TEX.PENAL CODE ANN. § 31.-03(b)(1) (Vernon Supp.1986). "Appropri-

ate" means to acquire *or otherwise exercise control over property* other than real property. (Emphasis added.) TEX.PENAL CODE ANN. § 31.01(5)(B) (Vernon Supp.1986). The issue is whether the absence of evidence of delivery is fatal insofar as there is nothing to show that the appellant received, possessed, "acquired," or otherwise exercised control over the merchandise.

The Practice Commentary accompanying the Penal Code Section 31.03 notes that "exercising control" encompasses conduct that does not involve possession, giving as an example a shipping clerk who re-routes a package to a friend by misaddressing the shipping label. The commentary continues that anyone who is in a position to take some action to deprive the owner of property is in a position to exercise control.

The Court of Criminal Appeals in the recent case of *McClain v. State*, 687 S.W.2d 350, 353 (Tex.Crim.App.1985), held that "the 'manner of acquisition' is inconsequential to the evil of a theft: the gravamen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property*, without his consent." (Emphasis in original.)

The evidence in the instant case is clear that Coburn Optical would not have shipped the merchandise but for the receipt of the appellant's check and that the shipment was made at the request of the appellant. As the victim parted with the merchandise because of these actions of appellant, we hold that the appellant "exercised control" over the goods insofar as he induced the victim to ship them.

Appellant's first ground of error is overruled.

Appellant's second ground of error alleges the evidence was insufficient to show the property was of the value of more than $750.00.

The dishonored check was made out in the amount of $5,700.00. The invoice of merchandise shipped to appellant indicates a total value, less a discount, of $5,171.71. Mr. Siebel placed a reasonable market val-

ue on the merchandise shipped to appellant at $5,443.90. Consequently, the evidence is sufficient to show that the value of the merchandise exceeded $750.00. Appellant's second ground of error is overruled.

Appellant's third ground of error alleges that the evidence is insufficient to show that the grand jury made a diligent inquiry to determine the name, kind, and number of the merchandise. Appellant's fourth ground of error contends that there is a variance between the indictment and the proof as to the allegation that the kind of merchandise was unknown to the grand jury.

Grand jury foreman, Edgar H. Rodriguez, testified that the grand jury discussed the case thoroughly with the district attorney, who explained the transaction involved and showed the contents of his file to the grand jury. Mr. Rodriguez identified the check, the demand letter and the postal return receipt as items he recalled reviewing. He stated that he did not recall the invoice, or any list of equipment being before the grand jury. He simply *assumed* because of the names of the businesses and the transaction involved that the merchandise was optical equipment. Mr. Rodriguez testified that the identity of the specific items was unknown to the grand jury.

■ When an indictment alleges that the nature of an object was unknown, and the evidence at trial does not reveal the nature of the object, a prima facie showing exists that the nature was unknown to the grand jury, thereby supporting such averment in the indictment. The question of variance is not presented. *Cunningham v. State,* 484 S.W.2d 906, 911 (Tex.Crim.App.1972); *Washington v. State,* 677 S.W.2d 142, 145 (Tex.App.—Dallas 1984, no pet.).

The testimony adduced at trial revealed only that Coburn Optical manufactures lenses and machinery for the optical industry. The name, number, and kind of merchandise shipped to appellant was never specified. Even John Bannon, the Director of Corporate Credit, testified that the check was "for *some products—I believe* they were optical lenses...." [Emphasis add-

ed.] Throughout the trial, the items shipped to appellant were referred to simply as "the merchandise." So, even if the grand jury had before it all the evidence from the trial, they would still be unable to identify "the exact name, number, and kind" of merchandise stolen.

■ Since the jury foreman testified that the grand jury reviewed the case thoroughly and still failed to learn the exact name, number and kind of merchandise, and all the testimony at trial was similarly inconclusive on that score, appellant's contention that the evidence is insufficient to support the allegation in the indictment that they were unknown to the grand jury is without merit. *Allen v. State,* 651 S.W.2d 267, 270 (Tex.Crim.App.1983); *Cunningham,* 484 S.W.2d at 911.

Appellant's third and fourth grounds of error are overruled.

Appellant's fifth and sixth grounds of error allege that the evidence was insufficient to prove venue in Cameron County and jurisdiction in Texas. Appellant contends that there is no evidence to show that he engaged in any conduct related to the offense alleged within Cameron County, Texas. Appellant argues that the offense may only be prosecuted in Miami, Florida, where Coburn Optical received the check.

The State of Texas has jurisdiction over an offense that a person commits if the offense or an element of the offense is committed within the state or if the conduct inside this state establishes criminal responsibility for an offense in another jurisdiction that is also an offense under the laws of this state. TEX.PENAL CODE ANN. § 1.04(a) (Vernon 1974).

An offense committed wholly or in part outside this state, under circumstances that give this state jurisdiction to prosecute the offender, may be prosecuted in any county in which an element of the offense occurs. TEX.CODE CRIM.PROC.ANN. art. 13.01 (Vernon 1977).

■ The evidence shows that the appellant issued a check when he did not have

sufficient funds on deposit with the financial institution. The check was drawn on the Brownsville National Bank in Brownsville, Cameron County, Texas. The evidence shows appellant's place of business is located at 305 Palm Boulevard, Brownsville, Texas. The invoice indicates that the merchandise was shipped to that Brownsville address. Clearly, the offense or an element of the offense was committed in Brownsville, Cameron County, Texas. Appellant's fifth and sixth grounds of error are overruled.

The judgment of the trial court is AFFIRMED.

### OPINION ON MOTION FOR REHEARING

Appellant takes us to task in his motion for rehearing[1] for failing to address his third ground of error, which was that there was insufficient evidence to show that the Grand Jury made a diligent inquiry to determine the specific merchandise stolen.

The indictment alleged that the type of merchandise was unknown to the Grand Jury. The evidence adduced at trial was ambivalent as to the type of merchandise, and the Grand Jury foreman testified that the type of merchandise was unknown. The requirement that a showing of diligence on the part of the Grand Jury must be proven only applies when the evidence at trial establishes the type, kind, and quality of the goods stolen contrary to the evidence and allegations that the type of merchandise was unknown to the Grand Jury. This difference between the evidence of specificity and that it was unknown to the Grand Jury requires an explanation as to why the specifics were not known to the Grand Jury; thus the inquiry into diligence.

In *Crocker v. State,* 573 S.W.2d 190 (Tex. Crim.App.1978), the indictment alleged that appellant had exposed his son to radioactive material "in a quantity to the Grand Jury unknown." The grand jury foreman testified that the amount was unknown to the grand jury. There was no evidence at trial of the exact quantity of radioactive material used. The Court of Criminal Appeals concluded that "[s]ince the exact quantity and strength of the radioactive sources were never established, we cannot conclude that the grand jury failed to exercise reasonable diligence to determine that quantity."

In *Cunningham v. State,* 484 S.W.2d 906 (Tex.Crim.App.1972), the indictment alleged that appellant received stolen property from persons unknown. Appellant's confession stated that he did not know the identity himself. The Court reasoned that the "evidence in this case does not show that the grand jury knew or could have known by the use of reasonable diligence from whom the appellant received the stolen property." *See Patton v. State,* 696 S.W.2d 249 (Tex.App.—San Antonio 1985, no pet.).

We hold, therefore, that because the evidence at trial did not show what the merchandise shipped was, it was not necessary for an inquiry to be conducted as to the diligence of the Grand Jury in attempting to ascertain the answer to the same question. Appellant's first ground of error on motion for rehearing is overruled.

Appellant's second ground of error on motion for rehearing complains that no element of the offense occurred in Texas which would grant jurisdiction over the offense.

The State of Texas, has jurisdiction over an offense that a person commits if the offense or an element of the offense is committed within the state or if the conduct inside this state establishes criminal responsibility for an offense in another jurisdiction that is also an offense under the laws of this state. TEX.PENAL CODE ANN. § 1.04(a) (Vernon 1974).

Appellant issued a check when he did not have sufficient funds on deposit in the Brownsville National Bank in Brownsville, Texas, drawn on his business account,

See TEX.R.CIV.P. 4.

which business was located in Texas; and, by his actions, he induced the victim to ship merchandise to his Texas business address.

Appellant's second ground of error on motion for rehearing is overruled. Appellant's motion for rehearing is denied.