**Rudy Ponce VILLARREAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–87–263–CR.

Court of Appeals of Texas,
Corpus Christi.

June 9, 1988.

Joseph A. Connors, III, McAllen, Robert D. Ralston, Ramon & Cantu, Edinburg, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before SEERDEN, UTTER, and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of aggravated assault and the trial court assessed punishment at ten years in the Texas Department of Corrections. Appellant contends that the evidence is insufficient to sustain the conviction. We agree, and therefore address only the dispositive points of error.

The indictment alleged that appellant stabbed the victim "with a sharp object to the grand jurors unknown." Appellant contends that the State failed to prove this allegation.

■ Where an indictment alleges that the manner and means of the commission of an offense are "unknown to the grand

jurors," it is incumbent upon the State to show at trial, if the issue is raised, that the manner and means was unknown to the grand jury and that the grand jury used reasonable diligence to ascertain the unknown fact. *See Polk v. State,* 749 S.W.2d 813 (Tex.Crim.App.1988); *Scott v. State,* 732 S.W.2d 354 (Tex.Crim.App.1987); *Payne v. State,* 487 S.W.2d 71 (Tex.Crim. App.1972).

In the present case, evidence that the weapon was known came from both the victim and the investigating police officer. The victim testified that the appellant stabbed him from behind as he was opening the trunk of his car. The victim further testified that he turned around and "saw the knife in his (appellant's) hand."

The investigating police officer testified that the victim told him that appellant used a knife to stab him. The victim gave the officer a statement which read, "He drove the knife into the right side of my back."

In *Polk,* the Court of Criminal Appeals reviewed cases concerning the State's burden where the indictment alleges a means "unknown to the grand jury." The Court determined that the State is required to show that the fact was unknown to the grand jury, and that the grand jury had used due diligence to ascertain the fact, only when the means allegedly unknown becomes an issue. An issue is created when the unknown means later become known. *Polk,* 749 S.W.2d at 817.

The State argues that an issue was never created in this case because the victim was stabbed from behind and the actual weapon was never recovered or introduced at trial. Accordingly, the State contends that the grand jury simply had to assume that the weapon might have been a knife or any sharp object.

The State relies, in part, on *Corbett v. State,* 493 S.W.2d 940 (Tex.Crim.App.1973). There, the indictment alleged that the defendant killed the victim "by beating in a manner and means unknown." The defendant had confessed to a friend that he had killed the victim by hitting him in the head with a pipe, but the medical examiner testified that death could have resulted from something striking the head or the head striking something. No weapon was introduced into evidence and there was no evidence that police had ever found the murder weapon. In affirming the conviction, the Court mentioned the above evidence and noticed that there were no eyewitnesses to the killing. In effect, the Court held that despite the defendant's statement, the manner and means of beating was unknown.

In the present case, the grand jury foreman testified that the grand jury "assumed that [the object] might have been a knife or any sharp instrument," but did not know what sort of weapon appellant used. He testified that the grand jury did not talk to the victim or investigating police officer; that the grand jury had a sworn statement from the victim stating that the appellant "drove the knife into my back;" and that the grand jury knew that the victim had sworn under oath that he was stabbed with a knife.

The present case is distinguishable from *Corbett* because the grand jury here had uncontradicted evidence from the victim that the weapon was a knife. That the victim saw the knife only after being stabbed does not make the weapon "unknown." The record shows that the grand jurors knew the weapon was a knife, and the only evidence offered at trial showed that the weapon was a knife.

The State also relies on *Allen v. State,* 651 S.W.2d 267 (Tex.Crim.App.1983) and *Salazar v. State,* 711 S.W.2d 720 (Tex.App. —Corpus Christi 1986, pet. ref'd). The facts and allegations in *Allen* are readily distinguishable. In *Salazar,* like *Polk,* an issue concerning the unknown fact was never raised, thus no inquiry into grand jury diligence was required.

◼ The State also argues that since no weapon was recovered, the grand jury would be wasting its time attempting to determine the type of weapon used. We point out that the State's inability to recover a weapon does not prevent proof that the defendant used a particular weapon. *See,* e.g., *Gomez v. State,* 685 S.W.2d 333

(Tex.Crim.App.1985); *Rodriguez v. State*, 645 S.W.2d 273 (Tex.Crim.App.1982); *Porter v. State*, 601 S.W.2d 721 (Tex.Crim.App. 1980).

Finally, the State argues that the evidence does not establish that the weapon used was a knife. The State argues:

When the mention of seeing 'the knife' is read in its full context, showing that the man had seen the weapon just after being stabbed from behind with no warning, while pleading not to be stabbed anymore, just before running from his assailant, the conclusion is inescapable that the remark about a knife was not intended to be a description of the weapon seen, but rather was meant to be a generic description of some type of sharp object.

The statement given by the victim to the investigating police officer and the victim's trial testimony show that the victim consistently described the weapon as a knife. Accordingly, a material variance exists between the allegations in the indictment and the proof, and the State failed to show that the grand jury used due diligence to ascertain the type of weapon used.

Appellant's fourth and fifth points of error are sustained. The judgment of the trial court is reversed and the cause is remanded for the entry of an acquittal.