IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-283-CR





LARRY LATULIP,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 103,378, HONORABLE BOB JONES, JUDGE 



 




 Appeal is taken from a conviction of theft of property of the value of seven hundred
fifty dollars or more but less than twenty thousand dollars. See Tex. Penal Code Ann. § 31.03
(e)(4)(A) (1989). Trial was before the court upon a plea of not guilty. Punishment was assessed
at ten years' confinement and a fine of ten thousand dollars. The period of confinement and nine
thousand dollars of the fine were probated.

 Appellant urges three points of error. He asserts that the evidence is insufficient
to prove that:  (1) the appellant appropriated property in the manner alleged in the indictment;
(2) Kim Merrill was a special owner of the stolen property at the time appellant acquired or
exercised control over the property; and (3) any property was appropriated from the NCNB Bank. 
We overrule appellant's points of error and affirm the judgment of the trial court.

 While in jail in Williamson County during the summer of 1989, appellant asked
Christie Drzewucki and Dennis Wighamans to pick up two checks for work he had done at Odeen
Hibbs Trucking Company. Appellant gave Drzewucki and Wighamans a letter authorizing the
trucking company to release the checks to them. At appellant's direction, Drzewucki picked up
the checks, cashed them at the NCNB Bank in Austin and expended the proceeds in accordance
with appellant's instructions.

 After his release, appellant went to Odeen Hibbs and claimed that he had never
received the checks. Jannette Gordillo, officer manager and bookkeeper for the trucking
company, advised appellant that she would not give him a check to replace the two checks that
had already been cashed until she was notified by the bank that the Odeen Hibbs account had been
credited for the checks.

 Appellant represented to Kim Merrill of the Security Department at NCNB that he
had never received the two checks from Odeen Hibbs and that someone had forged his name to
the checks. Appellant signed notarized statements that he had not endorsed the checks or
authorized endorsement of the checks, had no knowledge of who endorsed the checks, and had
not received any benefit from the checks. Following appellant's execution of the affidavits,
Merrill informed appellant and Odeen Hibbs that the trucking company would be credited in an
amount equal to the sum of the two checks. Appellant returned to Odeen Hibbs and was issued
a check by Gordillo for $2,150.01, the total amount of the two checks.

 Pursuant to Merrill's instruction, appellant went to the Austin Police Department
where he gave additional statements relative to the forgery of his name on the checks. On appeal,
appellant concedes that Drzewucki acted with his complicity and approval in her handling of the
two checks.

 In his first point of error, appellant asserts that the evidence is insufficient to prove
that he appropriated property in the manner alleged in the indictment. The indictment alleges in
pertinent part that appellant "did then and there intentionally and knowingly acquire and otherwise
exercise control over property . . . without the effective consent of the owner, Kim Merrill."

 A person commits the offense of theft "if he unlawfully appropriates property with
intent to deprive the owner of property." Tex. Penal Code Ann. § 31.03 (a) (1989). As alleged
in the indictment in the instant cause, "appropriate" means "to acquire or otherwise exercise
control over property other than real property." Tex. Penal Code Ann. § 31.01 (5)(B) (1989).

 It is undisputed that appellant's execution of the affidavits asserting that the checks
had been forged caused Merrill to transfer funds to the Odeen Hibbs account. Appellant
complains that while his acts may have brought about the transfer of funds, this does not amount
to appellant exercising control over the funds. Our attention is directed to testimony elicited from
Merrill on cross-examination that she did not give appellant U.S. currency or a check, nor did
appellant exercise control of any property of the bank.

 The thrust of appellant's contention appears to be that he never had any of the
bank's property in his possession. In Miera v. State, 663 S.W.2d 508, 511 (Tex. App. 1983, no
pet.), the court addressed the meaning of "exercising control" as that term is used in the theft
statute:


 A person appropriates personal property, under section 31.01(5)(B) of the
Penal Code, if he acquires or otherwise exercises control over the property. . . .


 . . . [T]he practice commentary to section 31.03 indicates an intent by the
framers of the present Penal Code to include more than actual control in the
concept of appropriation. It notes, for instance, that "exercising control"
encompasses conduct that does not involve possession, and states, "anyone who is
in a position to take some action that deprives the owner of property is in a
position to exercise control." (Emphasis in original) (citations omitted).



 In Salazar v. State, 711 S.W.2d 720 (Tex. App. 1986, pet. ref'd), the defendant
contended the evidence was insufficient to support the allegation in the indictment charging that
the defendant "did then and there unlawfully acquire and exercise control over the property. . . ." 
The evidence reflected that merchandise was shipped at the request of the defendant upon the
receipt of defendant's check. There was, however, no evidence that the defendant ever received
the merchandise. The defendant's check was dishonored when presented for payment. The
Salazar court found, "As the victim parted with the merchandise because of these actions of
[defendant], we hold that the [defendant] 'exercised control' over the goods insofar as he induced
the victim to ship them." Id. at 723.

 In the instant cause, the appellant's action in executing the affidavits caused Merrill
to transfer funds into the Odeen Hibbs account. We conclude that appellant "exercised control"
over the funds as a result of having induced the owner to take action that deprived the owner of
property. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the evidence is insufficient to
show that Merrill was a special owner of the stolen property at the time appellant acquired or
exercised control over the property. The resolution of whether the State discharged its burden in
proving ownership as alleged in the indictment turns on the sufficiency of the evidence to show
that Merrill had "a greater right to possession of the property than the [appellant]." Tex. Penal
Code Ann. § 1.07(a)(24) (Supp. 1992).

 Following appellant's representation to Merrill that he had never received the two
checks issued to him as payee, and that someone had endorsed his name without his consent,
Merrill explained to appellant that upon his signing the forgery affidavits, "We would reimburse
our customer, . . . Odeen Hibbs, and that they would issue him another check." Merrill related
that this was standard procedure when a person claims that a check has been forged and cashed
at the bank. After the execution of the affidavits by appellant and the return of the original checks
by Odeen Hibbs, Merrill instructed the bank to credit the account of Odeen Hibbs in a
"miscellaneous charge-off form." Later, Merrill pulled the Odeen Hibbs account "to make sure
there was a deposit in the exact amount."

 In instances where an entity such as a corporation is the owner of the property, it
is proper to allege a natural person who acts for the corporation is the owner of the property. 
Compton v. State, 607 S.W.2d 246 (Tex. Crim. App. 1979). "The natural person, alleged to be
the owner, does not have to be an exclusive owner. 'Possession' may be proved by showing that
the alleged owner controlled the property." Sowders v. State, 693 S.W.2d 448, 451 (Tex. Crim.
App. 1985).

 In Compton, the alleged owner in the theft indictment, an official in the Dallas
office of the corporation, authorized a disbursement to appellant that had to be made from the
corporation's home office in Atlanta. The check was issued by an official in the accounting
department in the Atlanta office and sent directly to appellant without the alleged owner coming
in contact with the check. In concluding that the official in Dallas who authorized the
disbursement was an owner, the court found that both the alleged owner and the accounting officer
in Atlanta (who issued the check) had responsibility for the money.

 We find that the State discharged its burden in proving that Merrill had "a greater
right to possession" of the bank's money than appellant and was properly alleged to be the owner. 
Appellant's second point of error is overruled.

 In his third point of error, appellant asserts that the evidence is insufficient to prove
that any property was appropriated from the NCNB Bank. Appellant points to the testimony of
Merrill that she did not know of her personal knowledge whether the credit to the Odeen Hibbs
account came from bank funds or from someone else who happened to make a deposit to the
account. Merrill advised the appellant that the bank would reimburse the Odeen Hibbs account
after he signed the forgery affidavits. Following the necessary paper work, Merrill instructed the
bank to credit Odeen Hibbs and later pulled the account to "make sure there was a deposit in the
exact amount."

 When reviewing a challenge to the sufficiency of the evidence to support a
conviction, an appellate court must determine whether, viewing the evidence in the light most
favorable to the conviction, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Butler
v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1989). A reviewing court should not substitute
its determination of guilt for that of the fact finder unless it is found to be irrational or
unsupported by the evidence, such evidence being viewed under the standard set forth in Jackson. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). "[I]t is enough that the
conclusion of guilt is warranted by the combined and cumulative force of all the incriminating
circumstances." Brandley v. State, 691 S.W.2d 699, 705 (Tex. Crim. App. 1985).

 We conclude that a rational trier of fact could find from the evidence beyond a
reasonable doubt that the credit to the customer's account came from NCNB Bank funds. 
Appellant's third point of error is overruled.

 The judgment is affirmed.


 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices B. A. Smith and Davis*]

Affirmed

Filed: April 8, 1992

[Do Not Publish]

































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).