11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dorian
Shane Thomas

Appellant

Vs.                   No. 11-03-00116-CR -- Appeal
from Grayson County

State
of Texas 

Appellee

 

The jury convicted Dorian Shane Thomas of the
offense of theft, a state jail felony under TEX. PENAL CODE ANN. ' 31.03(e)(4)(D) (Vernon 2003).  After appellant pleaded true to the
enhancement allegations, the trial court assessed his punishment at confinement
for 15 years.[1]  We modify and affirm.  








In his two points of error, appellant challenges
the legal and factual sufficiency of the evidence in support of his theft
conviction.  Appellant specifically
contends that the evidence fails to show that he appropriated the property in
question by acquiring or otherwise exercising control over it.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak as to render the
conviction clearly wrong and manifestly unjust or whether the evidence
supporting guilt, although adequate when taken alone, is so greatly outweighed
by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66
S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 


The record shows that appellant committed refund
fraud at a Super Kmart store.  According
to Kmart=s loss
prevention associate, Jason Robinson, appellant entered the store with nothing
but a receipt in his hand and walked to the electronics department.  Robinson watched appellant on the
surveillance cameras.  Appellant walked
directly over to the DVD players, looked at the receipt, matched UPC numbers on
the receipt with those of the merchandise on the shelf, took a DVD player off
the shelf, carried it to the counter, placed it on the counter where the AEAS@
security tag deactivator was located, and turned the box so that all sides were
deactivated.  Appellant then stood in the
aisle and waited for a Kmart employee to help him.  An employee subsequently directed appellant
to the customer service desk to return merchandise.  At the customer service desk, appellant
presented the receipt showing that he had previously purchased a DVD player and
his credit card, the same card which he had previously used to purchase a DVD
player.  In addition to Robinson=s testimony, the surveillance videotape
was introduced into evidence.  

A customer service associate, Betty Shaw,
completed the refund transaction and entered a credit Ain
the machine@ to
appellant=s credit
card account.  Appellant was detained by
Kmart personnel after the transaction was completed.  Both Shaw and Robinson testified that
appellant had returned merchandise at the store before and that he was familiar
with the return process.  According to
the testimony of both Shaw and the store director, the refund transaction was
completed; and the $248.39 left the store=s
account and was credited to the account of the credit card that appellant had
presented.  








Appellant testified that he purchased the DVD
player with his Visa credit card for his daughter=s
birthday but that he subsequently learned that she already had one.  Upon attempting to return the player to where
he had purchased it, he entered the store carrying the DVD player and walked to
the electronics department.  However, he
realized that he had left the receipt in his car, so he panicked and set the
DVD player back on the shelf while he went back to the car to get his
receipt.  Appellant subsequently returned
to the store carrying the receipt; walked back to electronics; grabbed the box
he had left earlier; took it to the counter; set it down; and, to make sure he
had grabbed the correct one, turned the box over to compare the numbers on the
box with the numbers on the receipt. 
Appellant testified that he had never returned merchandise at Kmart,
that he was not familiar with credit-card purchases, and that he was directed
to the customer service desk to return the DVD player.  Finally, appellant testified that he never
got credit on his account for the refund. 
            We hold that the
evidence is both legally and factually sufficient to support appellant=s conviction.  The evidence showed that appellant
appropriated and exercised control over the money when he tendered his credit
card for a refund and received a credit on his credit card account.  See Bailey v. State, 885 S.W.2d 193,
198-99 (Tex.App. - Dallas 1994, pet=n
ref=d); Salazar v. State, 711 S.W.2d
720 (Tex.App. - Corpus Christi 1986, pet=n
ref=d); see also Stewart v. State,
44 S.W.3d 582, 587-89 (Tex.Cr.App.2001)(dealing with a venue issue involving
the location of the appropriation). 
Although appellant testified that he never received credit for the
refund, Kmart employees testified that the transaction was completed.  A refund receipt establishing that the
transaction had been completed was also introduced into evidence.  Appellant=s
points of error are overruled. 

We note that the judgment reflects that the offense
appellant was convicted of was a second degree felony.  However, pursuant to Section 31.03(e)(4)(D),
the offense is actually a state jail felony. 
Consequently, the judgment should be modified to reflect the correct
offense degree.  Also, the judgment does
not reflect that appellant pleaded true to the enhancement allegations or that
a finding of true was made by the trial court.

The judgment of the trial court is modified to
reflect that the offense was a state jail felony, that appellant entered a plea
of true to the enhancement allegations, and that the trial court found the
allegations to be true.  As modified, the
judgment is affirmed.

 

TERRY McCALL

JUSTICE 

 

November 26, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]See TEX. PENAL
CODE ANN. ' 12.42(a)(2) (Vernon 2003).