NUMBER 13-08-00169-CR 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

EDUARDO GRACIA BAZAN,                                                      Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                       

On appeal from the 92nd District Court 
of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza 
Memorandum Opinion by Justice Rodriguez

          Appellant Eduardo Gracia Bazan challenges his conviction for theft by a public
servant of property valued $1,500 or more but less than $20,000. See Tex. Penal Code
Ann. § 31.03(a), (e)(4)(A), (f) (Vernon Supp. 2009). By seven issues, Bazan complains
that: (1) the trial court lacked jurisdiction over his case because the crime was not
committed within the territorial jurisdiction of the State of Texas; (2) the trial court lacked
jurisdiction because he was indicted previously in a different district court and local rules
required this case to be filed where the original indictment was filed; (3-5) trial counsel
rendered ineffective assistance by failing to consolidate all criminal cases against Bazan
into the first-filed case, pursue and obtain a plea bargain, and communicate plea bargain
offers to the defendant; (6) the trial court erred in entering judgment against Bazan
because there was no evidence that any alleged theft was committed in defendant's
capacity as a public servant; and (7) the trial court erred in entering judgment against
Bazan because his right to confront and cross-examine adverse witnesses was violated
when statements of a deceased person were allowed into evidence. We affirm. 
I. BACKGROUND
          In October 2001, Bazan, a Hidalgo County Constable, applied for a certificate of title
for a Volkswagen Jetta with the county tax assessor-collector's office (tax office). When
the staff at the tax office ran standard checks on the vehicle, the system returned no
information. This raised suspicions with the tax office fraud investigators, and the tax office
impounded the Jetta. Further investigation revealed that the Jetta had been stolen in
Mexico City in 1999. Bazan was eventually indicted in the 92nd District Court of Hidalgo
County for:
acquiring and otherwise exercising control over . . . one Volkswagen motor
vehicle, of the value of $1,500 or more but less than $20,000 . . . without the
effective consent of the owner, namely by deception, and with intent to
deprive the owner of the property, and the defendant was then and there a
public servant, namely, a Hidalgo County Constable, and such property
appropriated by the defendant had theretofore come into his custody and
possession and control by virtue of his status as such a public servant . . . . 

The case proceeded to a jury trial. Precisely how the vehicle came into Bazan's
possession was the subject of voluminous testimony at trial.



          At the conclusion of the trial, the jury found Bazan guilty of theft by a public servant. 
See id. The trial court sentenced Bazan to seven years' confinement, with the punishment
suspended and probated over seven years, and assessed a $3,000 fine. Bazan filed a
motion for new trial. After a hearing, the trial court denied the motion. This appeal ensued.
II. DISCUSSION
A. Territorial Jurisdiction
          By his first issue, Bazan complains that the State was without jurisdiction to
prosecute his case. The penal code provides that "[t]his state has jurisdiction over an
offense that a person commits by his own conduct or the conduct of another for which he
is criminally responsible if . . . either the conduct or a result that is an element of the
offense occurs inside this state." See id. § 1.04(a)(1) (Vernon 2003); Salazar v. State, 711
S.W.2d 720, 725 (Tex. App.–Corpus Christi 1986, pet. ref'd). The elements of theft in this
case are that the defendant: (1) unlawfully appropriated property valued at $1,500 or more
but less than $20,000; (2) with intent to deprive the owner of the property; and (3) was, at
the time of the theft, a public servant who came into possession of the property by virtue
of his status as a public servant. See Tex. Penal Code Ann. § 31.03(a), (e)(4)(A), (f); see
also Mendoza v. State, No. 13-03-00755-CR, 2005 WL 2476211, at *1 (Tex. App.–Corpus
Christi Oct. 6, 2005, no pet.) (mem. op., not designated for publication).
          Here, Bazan contends that any theft committed in this case occurred in Mexico,
outside the territorial jurisdiction of Texas, and because of that, the State lacked authority
to pursue his case in Texas. We disagree. The fact that the car was or was not stolen in
Mexico is irrelevant to the charges against Bazan. Bazan's indictment was based on
allegations that he used his position as a constable to gain title to a vehicle that he knew
or should have known was stolen. Thus, the alleged criminal conduct of Bazan—that he
unlawfully appropriated a vehicle valued at approximately $9,500 by falsifying title
documents in an attempt to "wash" the title of a stolen Mexican vehicle—occurred in
Texas, and the trial court had jurisdiction to hear the case. See Tex. Penal Code Ann. §§
1.04(a)(1), 31.03(a), (e)(4)(A), (f). Bazan's first issue is overruled.
B. Jurisdiction and the Local Rules
          In his second issue, Bazan challenges the jurisdiction of the 92nd District Court of
Hidalgo County over his case. Specifically, Bazan argues that because he was first
indicted for the offense in the 93rd District Court, local rules required all subsequent cases
against him to be filed in the court of his original indictment thereby divesting the 92nd
District Court of any authority over this case. See Hidalgo County Dist. Cts. Loc. R. 1.2.7
("If a case is on the docket of a court by any manner other than as prescribed by these
rules, the Presiding Judge shall transfer the case to the proper court."), 7.4 ("When several
indictments are returned against the same defendant, the court in which the first indictment
is filed shall receive all such indictments."). Although Bazan raises a jurisdictional
argument, he complains of the local rules, which are adopted for administrative purposes
and do not necessarily create jurisdiction in any certain court. See Tex. Gov't Code Ann.
§§ 24.304 (Vernon 2004) (allowing judges in counties where there are two or more district
courts to "adopt rules governing the filing and numbering of cases . . . and the distribution
of the work of the courts . . . [to enable] the orderly dispatch of the business of the courts"),
74.093 (Vernon Supp. 2009) (providing for the adoption of "local rules of administration"
to govern the "assignment, docketing, transfer, and hearing of all cases, subject to
jurisdictional limitations" of the district courts) (emphasis added); see also Bourque v.
State, 156 S.W.3d 675, 678 (Tex. App.–Dallas 2005, pet. ref'd) (recognizing the authority
of district judges to adopt rules governing the administration of multiple district courts). 
Rather, as conceded by Bazan, the 92nd District Court is vested by the Texas Constitution
with jurisdiction over felony cases in Hidalgo County. See Tex. Const. art. V, § 8; Skillern
v. State, 890 S.W.2d 849, 859 (Tex. App.–Austin 1994, pet. ref'd) (citing Fairfield v. State,
610 S.W.2d 771, 779 (Tex. Crim. App. 1981)). We refuse to construe the local rules of
administration, see Tex. Gov't Code Ann. §§ 24.304, 74.093, in such a way that they
divest the trial court of its constitutionally-created authority to preside over felony
indictments. See Tex. Const. art. V, § 8. Bazan's second issue is overruled. 
C. Ineffective Assistance of Counsel
          By his third, fourth, and fifth issues, Bazan argues that his trial counsel's assistance
was ineffective.
 
          1. Standard of Review
          To establish a claim for ineffective assistance of counsel, the appellant must show
(1) his attorney's representation fell below an objective standard of reasonableness, and
(2) there was a reasonable probability that, but for his attorney's errors, the result of the
proceeding would have been different. Strickland v. Washington, 466 U.S. 664, 668
(1984); Mallett v. State, 65 S.W.3d 59, 62 (Tex. Crim. App. 2001). Our review of counsel's
representation is deferential, and we presume that counsel gave his client professional
assistance. Mallett, 65 S.W.3d at 62 (citing Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000)). The appellant bears the burden of proof to show by a preponderance of
evidence that his counsel's performance was below that which is objectively reasonable. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
          Generally, the trial record will not be sufficient to establish an ineffective assistance
of counsel claim. Id. at 813-14; Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston
[1st Dist.] 1994, pet. ref'd). This is true because normally a silent record cannot rebut the
presumption that counsel's performance was the result of sound or reasonable trial
strategy. Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim.
App. 1991). However, a defendant may rebut the presumption by providing a record from
which the appellate court may determine that trial counsel's conduct was not based upon
a reasonable strategic or tactical decision. Jackson v. State, 877 S.W.2d 768, 771-72
(Tex. Crim. App. 1994); Bohnet v. State, 938 S.W.2d 532, 536 (Tex. App.–Austin 1997,
pet. ref'd). The record from a motion for new trial hearing can serve this purpose, see
Jackson, 877 S.W.2d at 771-72, and Bazan has provided such a record for our review. 
          2. Failure to Consolidate Cases
          In his third issue, Bazan argues that his trial counsel rendered ineffective assistance
because he failed to consolidate all of Bazan's criminal cases into the first criminal case
filed against him in the 93rd District Court. At the hearing on his motion for new trial,
Bazan presented the testimony of Ricardo Salinas, a criminal defense attorney who
testified that trial counsel's failure to consolidate the cases constituted deficient
performance because consolidation would have delayed a trial in Bazan's case, and delay
is in the best interest of any criminal defendant.


 However, Salinas also acknowledged that
the factors influencing the decision to pursue consolidation differ in each case and that it
is difficult to know whether consolidation is the best option. Our review of the trial record
further reveals that Bazan's trial counsel was aware of the multiple cases and attempted
at trial to inform the jury of what he characterized as the alleged political nature of the
various cases filed against Bazan. Thus, based on the trial record and the testimony of
Salinas, we cannot conclude that the decision of Bazan's trial counsel to not pursue
consolidation fell below an objective standard of reasonableness, and Bazan has not
rebutted the presumption that the decision was the result of sound and reasonable trial
strategy. See Strickland, 466 U.S. at 688; Mallett, 65 S.W.3d at 62. Bazan's third issue
is overruled.
 
          3. Plea Bargain
          By his fourth and fifth issues, Bazan claims his trial counsel was ineffective for failing
to obtain a plea bargain from the State and failing to communicate plea bargain offers to
Bazan. While it is true that defense counsel's failure to inform his client of a plea bargain
offer falls below the objective standard of reasonableness for effective performance, Ex
parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim. App. 2000), Bazan points us to no
evidence in the record, and we find none, indicating that the State ever made such an offer
to Bazan's trial counsel. In fact, the prosecutor who tried the case, Andy Almaguer,
testified at Bazan's motion for new trial hearing that the State never would have offered
Bazan a lesser punishment, such as pretrial diversion or deferred adjudication, in
exchange for a guilty plea. Neither do we find that Bazan's trial counsel rendered deficient
performance for failing to diligently pursue a plea bargain. At Bazan's hearing on his
motion for new trial, Salinas testified that a defense attorney's performance would be
deficient if he did not make every effort to obtain a plea bargain offer. However, other
testimony at the hearing established that Bazan had never asked his trial counsel to
engage in plea negotiations, that Bazan had instructed his trial counsel that dismissal was
the only option to pursue with the State, and that he was not interested in plea bargaining. 
The foregoing evidence does not rebut the presumption that the performance of Bazan's
trial counsel regarding plea bargaining with the State was objectively reasonable. See
Mallett, 65 S.W.3d at 62; Thompson, 9 S.W.3d at 813. Bazan's fourth and fifth issues are
overruled. 
 
D. No Evidence
          By his sixth issue, Bazan argues that there was no evidence that any alleged theft
was committed in defendant's capacity as a public servant. However, Bazan fails to
specify the type of challenge he is making to the evidence at trial, and based on his brief,
we are unable to discern the nature of his argument. Most importantly, Bazan cites to no
legal authority and does not point us to any portion of the record that would aid us in
determining what sort of evidentiary challenge he is mounting. See Tex. R. App. P. 38.1(i)
(requiring appellant's brief to contain a "clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record"). We therefore conclude
that Bazan has inadequately briefed this issue and has waived his challenge to the
evidence. See id. Bazan's sixth issue is overruled.
E. Confrontation
          By his seventh issue, Bazan complains that the trial court violated his constitutional
right to confront and cross-examine adverse witnesses by allowing the statements of a
deceased person, Raul De La Rosa, into evidence. See U.S. Const. amend. VI; Tex.
Const. art. I, § 10.
          1. Standard of Review and Applicable Law
          The Confrontation Clause prohibits a witness from recounting a declarant's out-of-court testimonial statements unless the declarant is unavailable to testify and the
defendant had a prior opportunity to cross-examine the declarant. Crawford v.
Washington, 541 U.S. 36, 59 (2004). Generally, a statement is considered “testimonial”
if it is a “solemn declaration made for the purpose of establishing some fact.” Russeau v.
State, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005).
          However, even if we find the statement is testimonial and that its admission is
constitutional error, that error is subject to a harmless error analysis, and "we need not
reverse the trial court's judgment if we conclude beyond a reasonable doubt that the error
did not contribute to appellant's punishment." Id. at 881; see Tex. R. App. P. 44.2(a). The
reviewing court must first assume that the damaging potential of the violation was fully
realized. Shelby v. State, 819 S.W.2d 544, 547 (Tex. Crim. App. 1991) (citing Delaware
v. Van Arsdall, 475 U.S. 673, 684 (1986)). With that assumption in mind, we analyze the
alleged error in connection with the following factors: (1) the importance of the witness's
testimony to the prosecution's case; (2) whether the testimony was cumulative; (3) the
presence or absence of evidence corroborating or contradicting the witness's testimony on
material points; (4) the extent of cross-examination permitted; and (5) the overall strength
of the prosecution's case. Id. (citing Van Arsdall, 475 U.S. at 684).
          2. Analysis
          Based on our review of the trial record, it appears the State was attempting to
introduce the written statement given by Raul De La Rosa, owner of De La Rosa Collision
Wrecker Service, for purposes of proving that Bazan lied about the Jetta being abandoned,
towed and impounded, and auctioned at a sale of abandoned vehicles. However, further
review of the record reveals that the statement was never admitted; Bazan objected to the
admission of the statement given to the fraud investigators each time the State attempted
to admit it, and the trial court sustained the objections.
          On two other occasions, other statements by De La Rosa came into evidence
through the arguably hearsay testimony of one of the fraud investigators; the investigator
testified that De La Rosa had initially told him that there had been a tow-away but later
recanted and admitted there had been no tow-away, impoundment, or auction. We first
note that Bazan lodged no objections to this testimony. See Acevedo v. State, 255 S.W.3d
162, 173 (Tex. App.–San Antonio 2008, pet. ref'd) (holding that a defendant does not
preserve the issue for review where he fails to object at trial based on the Confrontation
Clause). But even presuming that the admitted statements violated Bazan's right to
confront and cross-examine an adverse witness, see Shelby, 819 S.W.2d at 547
(assuming that the damaging potential of the violation was fully realized), the same
information was admitted through the testimony of other live witnesses without objection. 
See Russeau, 171 S.W.3d at 881; see also Baldree v. State, 248 S.W.3d 224, 232 (Tex.
App.–Houston [1st Dist.] 2007, pet. ref'd) (holding that trial court's violation of the
defendant's confrontation clause rights was harmless in light of the later introduction of the
same information). Angela Fraide, who was employed at De La Rosa Collision Wrecker
Service at the time of the incident, testified that the Jetta was never impounded in their
yard and was never auctioned. She further testified that she prepared a false towing slip
at the direction of De La Rosa. Ray Eufracio, the Hidalgo County Auditor, testified that his
office had no records of any auction proceeds being filed in connection with the Jetta. 
Mario Leal, a deputy constable in Bazan's office, testified that the constable's office had
no record of the Jetta. Perfecta De La Rosa, the widow of Raul De La Rosa who operated
the wrecker business after his death, confirmed that the Jetta had never actually been in
the De La Rosa Collision Wrecker Service yard. In sum, because the same information
concerning the towing, impoundment, and auction was later presented to the jury without
objection, any violation of the Confrontation Clause was rendered harmless, and we
conclude, beyond a reasonable doubt, that any resulting error did not contribute to Bazan's
punishment. See Russeau, 171 S.W.3d at 881; Baldree, 248 S.W.3d at 232. Bazan's
seventh issue is overruled.III. CONCLUSION
          The judgment of the trial court is affirmed.
 
NELDA V. RODRIGUEZ
                                                                           Justice
 
Do not publish. 
Tex. R. App. P. 47.2(b).
 
Delivered and filed the 18th 
day of February, 2010.